IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF OKLAHOMA

RED RIVER CLOUD NINE, INC., et al.,

    Plaintiff,

vs.                                                                                                                                                                            No. 20-cv-338-WPJ[1]

CITY OF MARIETTA,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendants' Motion for Summary Judgment (Doc. 24), filed July 19, 2021. Having reviewed the parties' pleadings and the applicable law, the Court **GRANTS** the Motion.

## BACKGROUND

This suit surrounds a building located on Plaintiff's property in Marietta, Oklahoma. At the time Plaintiff acquired the property in 2018, it was subject to an Order of Abatement, but Plaintiff planned to repair it. The City granted Plaintiff numerous extensions to bring the building up to code. On August 11, 2020, the City held a public hearing to determine the condition of the building. The City Council of the City of Marietta declared Plaintiff's building dilapidated and ordered that the City take all necessary actions to summarily abate the nuisance. Plaintiff filed suit, seeking injunctive relief to prevent the abatement. Plaintiff argues that the abatement would deprive it of its constitutionally-protected property interest. Defendant brought the instant Motion

---

[1] Chief United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Eastern District of Oklahoma.

for Summary Judgment, arguing that Plaintiff does not have a constitutionally-protected property interest.

## LEGAL STANDARD

Summary judgment is appropriate if there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its initial burden, the nonmoving party must show genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). The non-moving party must support a claimed dispute of material fact with a citation to evidentiary material. E.D. Okla. Local Civ. R. 56.1(d). The court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## DISCUSSION

Plaintiff's request for injunctive relief in this case entails a two-step inquiry.[2] The first question the Court must answer is whether Plaintiff possessed a protected interest giving rise to

---

[2] Plaintiff's amended complaint requested a temporary restraining order and an injunction, however no motion was made. Thus, the Court addresses only whether Plaintiff is entitled to a permanent injunction. A party requesting a permanent injunction bears the burden of showing 1) actual success on the merits; 2) irreparable harm unless the

due process protection. If that question is answered affirmatively, then the Court considers whether the government afforded Plaintiff with an appropriate level of process—i.e. a notice and an opportunity to be heard. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 769 (10th Cir. 2000). As a starting point in answering these two questions in light of the summary judgment motion, the Court will determine which facts are not in dispute. It will then analyze whether, considering any disputes, Plaintiff has set forth ample evidence to demonstrate it had a constitutionally-protected interest. Then, it will assess whether Plaintiff has set forth sufficient evidence to demonstrate that any interest was deprived without due process.

       I.      *Whether There Are Material Disputes of Facts*

Parties agree on everything that occurred prior to June 30, 2020. Specifically, parties agree on the following facts: The relevant piece of property has a history of structural issues. In fact, the prior owner of the building was given notice that it was deemed a public nuisance. Plaintiff's representative Luke Pollard appeared before the City Council on February 13, 2018 to advise that Plaintiff was nevertheless going to purchase the property. He requested additional time to remedy the structural problems. He appeared again at a City Council meeting on March 13, 2018 and was instructed to provide a plan for fixing the building. Plaintiff Red River Cloud Nine, Inc. purchased the property on March 23, 2018. On April 10, 2018, another meeting was held after which an amended abatement order was issued finding that the building was not in imminent danger of collapse. On February 12, 2019, another meeting was held, during which Mr. Pollard advised the Council of plans to stabilize the roof and repair the exterior walls of the building. Mr. Pollard updated the Council again in September and December. A hearing was held on February 11, 2020

---

injunction is issued; 3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and 4) the injunction, if issued, will not adversely affect the public interest. *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003). This Opinion deals only with the first prong and because it finds that Plaintiff has not satisfied that prong, it does not address the remaining questions.

to determine whether the structure was dilapidated. During that hearing, the Council gave Plaintiff until June 30, 2020 to have all external support structures removed and external walls to be made sufficient to support the structure without support devices. An amended Order of Abatement was issued to reflect those instructions. On June 30, 2020, the City Council made a finding that no improvements had been made and that the building would be demolished. A further hearing was held on August 11, 2020 at which Plaintiff presented his case that the building was safe, but the Council concluded otherwise and voted to declare the building dilapidated. It gave the Plaintiff 60 days to abate the nuisance by demolition.

The major point of dispute is whether or not the repairs made to the building prior to the Council's June 30, 2020 finding rendered the building safe or dilapidated. Defendant contends that no improvements had been made to the building, while Plaintiff argues that it made substantial improvements to the building such that it was not a public hazard. Importantly, both parties bear a burden of setting forth enough evidence to demonstrate their position. The Eastern District of Oklahoma's Local Rule 56.1(d) provides, "Each individual statement by the movant or nonmovant . . . shall be followed by citation, with particularity, to any evidentiary material that the party presents in support of its position pursuant to Fed. R. Civ. P. 56(c)."

In arguing that the building was and continues to be dilapidated, Defendant cites to a plethora of evidence. It attached 29 exhibits to its motion. Specifically, Exhibit 1 is an affidavit which also includes photographs of the building in question. The photographs show the exterior brick wall of the building bowing out, cracks and holes in many areas of the walls, and cables that had been placed to prevent collapse. Exhibit 22 is a document showing the minutes of the July 16, 2020 meeting. It notes that no improvements had been made to the property and that the City Administrator recommended demolition, which was supported by a vote of the council members.

Exhibit 26 is a staff report following the August 11, 2020 meeting, in which a case summary is given. The summary describes that the construction had decayed, causing the walls of the building to crack and buckle. It states that openings in the roof and exterior allow weather elements to enter the building and further degrade the structural integrity. It also states that steel structures had been erected on the interior and exterior of the building to support the deteriorated west wall. The structure supports and fencing occupy a portion of the sidewalk. Lastly, it provides that the interior steel structure is not attached to the exterior wall of the building and thus provides no support to the structure. It concluded that no significant improvement in the building's structure had been made since October 27, 2017 and was a hazard. As such, it found, "Given the extent of damage and deterioration to the structure, and the amount of time which has been allowed for the repair of the structure, restoration is impractical and unlikely." Exhibit 27 is a document reflecting the minutes of the meeting held on August 11, 2020. Plaintiff's representative apologized to the Council for missing the last meeting, explained the time and money he put into the building, stated that he did not realize he was expected to work on the building during the pandemic, and asked for more time to fix the wall. Exhibit 28 is the Resolution the Council adopted which declared the building dilapidated. Exhibit 29 is a letter the City sent to Plaintiff on November 5, 2020, in which it informed Plaintiff that a visual inspection of the building determined that an exterior wall had partially collapsed. It ordered Plaintiff to install rigid construction fencing to create a safe perimeter around the building.

  While Defendant submitted ample evidence to support its statement that the building was dilapidated, Plaintiff's argument section of its Response consists of 4 sentences which broadly claim that the building does not pose a danger to the public. These conclusory statements are supported only by an Affidavit stating that Plaintiff had expended over $50,000 to restore the

building, that he had stabilized the west wall, that the Southwest corner of the building is still being repaired, and that his other repair efforts are ongoing. He asserts, "I outlined my plans to Steve Fox of Fox Engineering, and he agreed to affirm that the building is safe and poses no danger to the public once the repairs I am currently working on are complete." First, the Court notes that this Affidavit is insufficient to prove that a material dispute exists with regard to the fact that the building was not dilapidated prior to June 30, 2020. Plaintiff's future plans and efforts for the building have no bearing on the condition it was in when it was declared dilapidated, and Plaintiff is not entitled to another extension to bring the building up to code. This abstract future plan does not prove that Plaintiff was deprived of a constitutionally-protected property interest. Moreover, Plaintiff bore the burden of supporting its statements with evidentiary material. A conclusory statement in an affidavit is not enough. *Allen v. Zavaras*, 483 Fed. Appx. 411, 414 (10th Cir. 2012) (citing *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (finding that an affidavit is insufficient to support summary judgment when it contains only conclusory allegations without supporting facts). Therefore, Plaintiff has failed to establish that a material dispute of fact exists.

    II.    *Whether Plaintiff Had a Constitutionally-Protected Interest*

Without the requisite supporting evidence, Plaintiff has failed to assert that it has a valid claim for injunctive relief based on a deprivation of constitutionally-protected property. In order to succeed on the merits of its claim, Plaintiff must prove that it had a "legitimate claim of entitlement created and defined by existing rules or understands that stem from an independent source such as state law." *Jacobs, Visconsi & Jacobs Co. v. Lawrence*, 927 F.2d 1111, 1116 (10th Cir. 1991). Under Oklahoma law, a property owner's rights are subject to and limited by a city's right to remove structures which pose a hazard to the health, safety or welfare of the general public.

11 O.S. § 22-112(A). Defendant has set forth adequate evidentiary support to demonstrate that the building was dilapidated such that it posed a hazard to the health, safety and welfare of the public, yet Plaintiff has set forth no more than a conclusory affidavit in its attempt to refute that assertion. Therefore, Plaintiff has failed to demonstrate it had a constitutionally-protected property interest.

      III.      *Whether Any Interest Was Deprived Without Due Process*

Even if Plaintiff had demonstrated a constitutionally-protected interest, it would have needed to set forth evidence to show that the Defendant was deprived of that interest without notice and an opportunity for hearing. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985); *Goss v. Lopez*, 419 U.S. 565, 579 (1975). Parties do not dispute that multiple hearings were held at which the state of the building was discussed. Moreover, they do not dispute that multiple extensions were given to Plaintiff to bring the building up to code. Specifically, Plaintiff acknowledges that its representative spoke and presented arguments and plans at many of these hearings. *See* Doc. 27, Plaintiff's UMFs 5, 6, 9, 11, 12; *see also* UMF 10. Plaintiff admits that it received a notice that a hearing would be held to determine whether the building was dilapidated on February 11, 2020. *Id*. at UMF 14. Its representative attended that hearing and was given until June 30, 2020 to repair the building. *Id*. at UMF 15. Plaintiff acknowledges its representative appeared at yet another hearing where the Council ultimately declared it dilapidated. *Id*. at UMF 20. As such, Plaintiff has failed to set forth evidence of a due process violation because it points to no evidence of a lack of notice or opportunity to be heard.

Without proving that Plaintiff was deprived of a constitutionally-protected property interest without due process, it cannot succeed in its suit. The State is endowed with police powers and can enjoin property owners from creating public nuisances. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1022 (1992). Defendant was permitted to restrict Plaintiff's landowner rights in order

to protect the welfare of the public. *Nectow v. Cambridge*, 277 U.S. 183, 187-88 (1928); *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 491 (1987).

**THEREFORE**, for the above-stated reasons, Defendants' Motion for Summary Judgment (Doc. 24) is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE